## JOHN W. MILLS *vs.* PHILIP ALLEN.

PROVIDENCE—MAY 25, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Awards. Res Adjudicata.*

Plaintiff held stock as collateral for defendant's note and was about to sell it, after the note was due, when defendant brought a bill in equity to enjoin the sale and to cancel the note because of deceit on the part of plaintiff in procuring it.

An answer to the bill was filed denying the fraud, and then the whole matter involved in the bill and answer was referred to a referee whose decision should be final with the same effect as a final hearing before the court and final decree thereon. The referee found that the charge of fraud was not sustained, and that plaintiff was entitled to recover the whole amount of the note. Thereupon plaintiff brought action on the note. Defendant sought to set up as a defence the fraud claimed in the bill in equity on the ground that the bringing of an action on the note was an abandonment of the reference:—

*Held,* that there was no abandonment of the reference by plaintiff, and the evidence was inadmissible; since, the bill seeking an injunction on account of fraud, which was not proved, the final decree could only have been that the bill be dismissed, which would have left plaintiff free to sue on the note, but would have determined the issue of fraud, and under the reference the award of the referee had only this effect.

ASSUMPSIT on promissory note. Heard on petition of defendant for new trial, and denied.

STINESS, C. J. This is an action to recover a balance due on a promissory note. The plaintiff held stock as collateral for the note and was about to sell it, after the note was due, when the present defendant brought a bill in equity against this plaintiff to enjoin the sale of the collateral and to cancel the note, because of deceit and false representations, on the part of the plaintiff, in procuring the note. An answer to the bill in equity was filed, denying the fraud, and then the whole matter involved in the bill and answer was referred to a referee, whose decision should be final, with the same effect as a final hearing before the court and final decree thereon.

The referee found that the charge of fraud in regard to the

representations of the assets of the firm, for an interest in which the note was given, was not sustained, and that this plaintiff was entitled to recover the whole amount of the note, and that he was entitled to realize on the collateral given to secure the note.

Thereupon the plaintiff brought this action on the note.

(1) Jury trial being waived, the defendant sought to set up the fraud claimed in the bill in equity, upon the ground that the bringing of an action on the note was an abandonment of the reference, which left the whole question open, as though no reference had been made. The trial judge ruled that the defendant could not offer testimony to show a partial failure of consideration of the note, which had been covered by the reference.

We think the ruling was correct.

There is no dispute that the question of fraud was heard and passed upon by the referee. There is also no question that the finding of the referee is conclusive upon the parties, unless the plaintiff has abandoned the award.

The decisive point is, therefore, whether the bringing of this action on the note is an abandonment of the decision of the referee.

It can not be so regarded, for two reasons.

The stipulation of reference was that the decision of the referee should have the same effect as a final decree in the suit in equity. As the bill sought an injunction on account of fraud, which was not proved, the final decree could only have been that the bill be dismissed. This would have left the plaintiff free to sue upon his note, but the issue of fraud would have been adjudicated. The court could not, upon the pleadings in the equity cause, give a judgment and order execution on the note, but it could have determined the question of fraud. This the referee did, and we must, therefore, consider that issue *res adjudicata*.

Second. The referee could not, under the strict terms of reference, have made an award of the amount due, because that would have gone beyond the effect of a final decree by the court. Neither could he have made an award for another

reason.  This plaintiff was then under injunction not to sell the collateral.  The injunction was not removed until the decision of the referee.  The referee could not determine the amount due until after the sale of the collateral, and it had not then been sold.  The plaintiff had no award on which he could sue.  His only remedy was a suit on the note, and this was in accordance with the award, instead of an abandonment of it.

The authorities relied on by the defendant are quite different from the case at bar.

In *Bryar* v. *Campbell*, 177 U. S. 649, the plaintiff's intestate had a decree in her favor in the District Court of the United States.  The case was appealed to the Circuit Court, but the appeal was not pressed.  Sixteen years after she brought another suit in the State court, on the same title, and then moved to dismiss the pending appeal in the federal court.  By the practice in Pennsylvania, where the suit was brought, a decree could not be used as *res adjudicata* pending an appeal to a higher court.  Consequently the bringing of a new suit was an abandonment of the former one, in which nothing had been finally adjudicated.  It was a discontinuance of the former suit.

We see no analogy between that case and the case at bar.

*Frederic* v. *Margwarth*, 200 Pa. St. 156, involved defenses to an award; but, as we have said, here there was no award on which the plaintiff could sue.

The ruling of the trial judge was correct, and the petition for a new trial is denied.

*Comstock & Gardner*, for plaintiff.
*Edward D. Bassett*, for defendant.